**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAKIA HARRIS,

    Plaintiff-Appellant,

v.

CROSSHAVEN PROPERTIES, INC.,

    Defendant-Appellee.

No. 08-5084
(D.C. No. 4:06-CV-00676-CVE-SAJ)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Lakia Harris, proceeding pro se, appeals from the district court's opinion
and order granting summary judgment to Crosshaven Properties, Inc., on her
claim for retaliation filed under Title VII of the Civil Rights Act of 1964,
42 U.S.C. §§ 2000e through 2000e-17. Exercising jurisdiction under 28 U.S.C.
§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Represented by counsel, Ms. Harris, an African-American, filed a complaint alleging that she had been terminated in retaliation for complaining about racial discrimination.[1] Crosshaven Properties moved for summary judgment, asserting that she had been terminated due to her insubordination. The district court granted Crosshaven Properties' motion and determined that there was no genuine issue of material fact whether Crosshaven Properties' proffered legitimate and nondiscriminatory reason for terminating Ms. Harris's employment was a pretext for discriminatory retaliation.

"We review the district court's grant of summary judgment de novo." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). The court properly granted summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [Crosshaven Properties] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to [Ms. Harris] and draw all reasonable inferences from the record in [her] favor . . . ." *Young*, 468 F.3d at 1249. Also, because she is proceeding pro se on appeal, we construe her appellate arguments liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] Although she also alleged racial discrimination and a racially hostile work environment, she abandoned those claims during district court proceedings.

Ms. Harris first argues that the district court applied an unjust standard because her burden of proof was weightier than that of Crosshaven Properties.  As the court noted, the law places the ultimate burden of proving retaliation on Ms. Harris.  *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  Thus, the court did not apply an unjust standard.

Also, Ms. Harris argues that Crosshaven Properties failed to provide any proof that she was insubordinate or that its actions were not a pretext for retaliation.  She also argues that the district court did not view the evidence in the light most favorable to her.  After reviewing the record and relevant case law, we conclude that the district court did view the evidence in the light most favorable to Ms. Harris and correctly granted summary judgment in favor of Crosshaven Properties.  We affirm the court's decision for substantially the same reasons set forth by the district court in its Opinion and Order of April 28, 2008.  R., Vol. I, Doc. 38.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge